IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| ROBERT EARL EDWARDS, JR., | * | |
| Petitioner, | * | |
| | | CASE NO. 4:03-CR-30 |
| VS. | * | / |
| | | CASE NO. 4:05-CV-145 |
| UNITED STATES OF AMERICA, | * | 28 U.S.C. § 2255 |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts. Petitioner Edwards entered into a Plea Agreement with the Government (R- 2) and plead guilty to a five Count Indictment charging Bank Robbery By Force or Violence in violation of 18 U.S.C. § 2113(a) and (f) on August 12, 2003. (R-3). The court sentenced Petitioner Edwards, on November 13, 2003, to a term of 96 months imprisonment on each count to run concurrently with each other and to the sentence imposed in Case No. 4:03-CR-23 to which Petitioner was sentenced on the same day. (R-7). Edwards filed no appeal.

On December 12, 2005, Petitioner Edwards filed a Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255. (R-8). In this § 2255 Motion, as in Petitioner's § 2255 Motion in Case No. 4:03-CR-23, Petitioner Edwards contends as his Ground One that his "conviction was obtained by plea of guilty which was unlawfully

induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea." As his Ground Two, he alleges ineffective assistance of counsel and, as Ground Three he claims a denial of his right to appeal, saying, "I didn't fully understand this at the time, because my knowledge of the law at the time was very limited." In his "Analysis"/memorandum of law, Petitioner Edwards suggests that the sentencing court committed a *Booker* error.

As to Petitioner's suggestion of a *Booker* error by the court at sentencing, *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738 (2005), has been held not to have retroactive application to cases, such as Petitioner's, on collateral review. *See Varela v. United States,* 400 F.3d 864, 868 (11th Cir. 2005) ( as the Supreme Court concluded in *Schriro,* we conclude that *Booker's* constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review).

Approximately two years having passed from the time Petitioner's sentence became final and the time he filed his present § 2255 Motion To Vacate, Set Aside, or Correct his Sentence, his § 2255 Motion is barred by the AEDPA statute of limitations.

## The AEDPA

The Anti-Terrorism and Effective Death Penalty Act codified as part of 28 U.S.C. § 2255 became effective on April 24, 1996. The relevant portion of 28 U.S.C. § 2255 is as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created

>by governmental action in violation of the Constitution or laws of
the United States is removed, if movant was prevented from
making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized
by the Supreme Court, if that right has been newly recognized by
the Supreme Court and made retroactively applicable to cases
on collateral review; or
(4) the date on which the facts supporting the claim or claims
presented could have been discovered through the exercise of
due diligence.

The AEDPA was enacted "primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions." G*iles v. United States,* 6 F. Supp. 2d 648, 649 (E.D.Mich.1998). The Eleventh Circuit Court of Appeals has held that the AEDPA'S one-year limitations period for motions to vacate, set aside, or correct sentences may be equitably tolled when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence. *Sandvik v. United States,* 177 F. 3d 1269, (11th Cir. 1999). The *Sandvik* court stated, ". . . § 2255's deadline is a garden variety statute of limitations, . . . in the proper case § 2255's period of limitation may be equitable tolled. Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances . . . both beyond his control and unavoidable even with due diligence . . . make it impossible to file a petition on time." See *Calderon v. United States Dist. Ct.,* 163 F.3d 530 (9th Cir. (1998); *Miller v. New Jersey State Dept. of Corrections,* 145 F.3d 616, at 619 (1999) ("Mere excusable neglect is not sufficient [to toll the bar]."); *Miller v. Marr,* 141 F.3d 976, 978 (1999) (not knowing about the period of limitation until too late is not ground for equitable tolling). *Sandvik,* at 1288, 89. See, *Irwin v. Department of Veteran's Affairs,* 498 U.S. 89, 95-96, 111 S. Ct. 453, 457 (1990) Ignorance of the law does

not justify an extension of the one-year period to commence a collateral attack upon a criminal sentence. *Godoski v. United States,* 304 F.3d 761, 762 (7th Cir. 2002). The Eleventh Circuit Court of Appeals, citing *Powell v. Lennon,* 914 F. 2d 1459, 1463 (11th Cir. 1990), held, "In the case of a pro se action... the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." But the problem here is not one of construction; instead, the problem is one of lack of compliance with a deadline imposed by law. "*Liberal construction does not mean liberal deadlines.*" *Wayne v. Jarvis,* 197 F. 3d 1098, 1104 (11th Cir. 1999).

Petitioner Edwards does not suggested any extraordinary circumstances, both beyond his control and unavoidable even with due diligence, which made it impossible for him to file a timely petition. Therefore, his Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 is barred by the AEDPA one-year statute of limitations.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 be DENIED as barred by the statute of limitations provided in that section. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 16th day of December 2005.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE